IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-223-F

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER ON REOPENING |
| ) | OF DETENTION |
| JAMES EDWARD MCCULLOUGH, ) | |
| ) | |
| Defendant. ) | |

On July 9, 2010, Defendant was indicted on one count of conspiracy to possess with the intent to distribute and to distribute one thousand kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and § 846, and two counts of possession with the intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1). [DE-1]. A hearing was held August 2, 2010, on the government's motion for pretrial detention in accordance with 18 U.S.C. § 3142, wherein Defendant waived his right to a detention hearing and Defendant was ordered detained. [DE-18, 19].

On April 19, 2011, a superceding indictment was filed against Defendant adding two charges to his prosecution: a charge of maintaining a place for the purpose of distributing marijuana in violation of 18 U.S.C.§ 856(a)(1) [count three] and possession of a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1) and § 924 [count five]. [DE-37]. All charges contained in the original indictment are contained in the superceding indictment.

Defendant's initial appearance with respect to the superceding indictment was held May 16, 2011, at which Defendant appeared with counsel and was advised of his rights, the charges contained in the superceding indictment and the maximum punishment if convicted of those

charges. [DE-41]. At the conclusion of Defendant's initial appearance, counsel for Defendant requested the court reopen the issue of detention on the grounds of changed circumstances. 18 U.S.C. § 3142(f). The court set a detention hearing for Thursday, May 19, 2011 at 10:30 a.m. [DE-42].

Section 3142(f) of Title 18 expressly authorizes the reopening of the issue of detention when material information that was "not known to the movant at the time of the hearing" comes to light. In support of his request to reopen detention, however, Defendant has not advised the court of the nature of the changed circumstances that have come to light since his detention hearing in August 2010. For this reason the court RESCINDS its order scheduling a detention hearing and DIRECTS the clerk to remove the hearing from the calendar. The court further DENIES WITHOUT PREJUDICE Defendant's request to reopen detention.

In the event Defendant wishes to further pursue reopening the issue of detention, Defendant shall submit to the court no later than Friday, May 20, 2011, a descriptive summary of the changed circumstances his counsel has alluded to in support of Defendant's request. In particular, the summary must consist of information not known to Defendant at the time of his August 2010 detention hearing and must have a material bearing on the issue whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).

SO ORDERED, this the 16th day of May, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge