IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-223-F-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | O R D E R |
| JAMES EDWARD MCCULLOUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**I.**

On July 9, 2010, Defendant was indicted on one count of conspiracy to possess with the intent to distribute and to distribute one thousand kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of possession with the intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1). [DE-1]. A hearing was held August 2, 2010, on the government's motion for pretrial detention in accordance with 18 U.S.C. § 3142 *et seq.*, wherein Defendant knowingly and voluntarily waived his right to a detention hearing and Defendant was ordered detained. [DE-18, 19].

On April 19, 2011, a superceding indictment was filed against Defendant. The superceding indictment charges Defendant with (1) a count of conspiracy to possess with the intent to distribute and to distribute one thousand kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, (2) two counts of aiding and abetting another in the possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, (3) a count of maintaining a place for the purpose of distributing marijuana in violation of 18 U.S.C. § 856(a)(1), and (4) a count of possession of a firearm and ammunition as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE-37].

Defendant's initial appearance with respect to the superceding indictment was held May 16, 2011, at which Defendant appeared with counsel and was advised of his rights, all charges contained in the superceding indictment and the maximum punishment if convicted of the charges. [DE-41]. At the conclusion of Defendant's initial appearance, counsel for Defendant requested the court reopen the issue of detention on the grounds of changed circumstances.

## II.

Section 3142(f) of Title 18 provides that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the <u>movant</u> at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f) (emphasis added). Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing. See <u>United States v. Dillon</u>, 938 F.2d 1412, 1415 (1st Cir.1991) (per curiam) (affirming district court's refusal to reopen hearing where defendant's evidence consisted of affidavits and letters from people who knew him attesting to his likelihood of appearing and non-dangerousness; "this information was available to appellant at the time of the [original] hearing"); <u>United States v. Hare</u>, 873 F.2d 796, 799 (5th Cir.1989) (affirming refusal to reopen hearing because "testimony of Hare's family and friends is not new evidence"). The party moving to reopen the issue of detention bears the burden of demonstrating that the new information (1) was not known at the time to the hearing and (2) has a material bearing on the issue whether there are conditions of release that will reasonably assure the court of defendant's

2

appearance and the safety of any other person and the community.

In support of the motion to reopen detention, Defendant's counsel states that an "appropriate third party custodian has become available" whom counsel advises was someone not known to <u>counsel</u> at the time of Defendant's detention hearing in August 2010. Mot. to Re-Open Issue of Detention and Request for Hearing [DE-44] ¶ 3(A) (emphasis added). Defense counsel's lack of knowledge as to the existence of the now proposed third party custodian is not germane to the determination whether the new information was known by the movant at the time of the hearing. Rather, the appropriate focus of inquiry is what Defendant knew in August 2010. In that proper regard, Defendant has failed to state grounds sufficient to justify re-opening the detention issue in this case.

## III.

For the reasons above, Defendant's motion to reopen detention [DE-44] is denied.

This, the 24th day of May, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge

3