UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-223-1F

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JAMES EDWARD MCCULLOUGH, ) | |
| Defendant. ) | |

This matter is before the court on the Motion to Reconsider [DE-47] the rejection of the plea agreement, or in the alternative, the Motion to Recuse [DE-47] filed by Defendant James Edward McCullough ("McCullough"). The Government has filed a Response [DE-51]. This matter is now ripe for disposition.

## I. PROCEDURAL HISTORY

On July 9, 2010, McCullough was originally charged in a three-count indictment alleging one count of conspiracy to possess with the intent to distribute and distribution of more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, filed on December 7, 2010, McCullough pled guilty to count two of the indictment.

On March 22, 2011, McCullough appeared before this court for his sentencing hearing. After a thorough review of the presentence report and a bench conference between the counsel for McCullough and the Government, the court believed that the plea agreement did not adequately reflect the serious nature of McCullough's offenses. More specifically, the court was uncomfortable allowing McCullough to plea to a count that would only expose him to a

maximum of 60 months imprisonment, while dismissing the other two counts which would subject McCullough to a sentencing guideline range of 324 to 405 months imprisonment. Therefore, the court chose not to accept the plea agreement at that time and instead continued the matter to the court's June 6, 2011 term of court to allow both parties to negotiate a new plea agreement, or in the alternative, prepare for trial.

On April 19, 2011, the Government filed a superseding indictment charging McCullough with conspiracy to distribute with the intent to distribute 1000 kilograms or more of marijuana (count one), possession with the intent to distribute a quantity of marijuana (counts two and four), maintaining premises for the distribution of a controlled substance (count three) and possession of a firearm by a felon (count five). McCullough has been appropriately notified that he is subject to two sentencing enhancements under 21 U.S.C. §851 and qualify as an armed career criminal pursuant to 18 U.S.C. §924(e)(2)(B).

On May 26, 2011, McCullough filed this instant Motion to Reconsider [DE-47], or in the alternative, the Motion to Recuse [DE-47]. McCullough, to date, has not been arraigned on the charges alleged in the superseding indictment and no further plea agreement has been presented to the court. This matter is scheduled for the June 6, 2011 term of court.

## II. MOTION TO RECONSIDER

McCullough, in support of his Motion to Reconsider [DE-47], argues that this court abused its discretion when it rejected the plea agreement and "mandated" that the parties prepare for trial after counsel for the Government indicated some potential hindrances in proving all the counts charged against McCullough. *See* Def.'s Mot. [DE-47], p. 3. McCullough also argues that the manner in which the rejection of the plea agreement was conducted was procedurally flawed as McCullough was not provided the opportunity to withdraw his guilty plea to count two

of the original indictment. *See* Def.'s Mot. [DE-47], p. 3. The Government, in response, essentially contends that this court did not abuse its discretion when it rejected the plea agreement as it was under the belief that McCullough's statutory exposure of 60 months inadequately reflected the seriousness of the actual offense behavior and criminal history attributed as the presentence report indicates that McCullough would otherwise be subject to a guideline range of 324 to 405 months. *See* Gov.'s Resp. [DE-51], p. 5.

As a preliminary matter, the court notes that Rule 11 explicitly states that "to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed.R.Crim.P. 11(c)(3)(a). In other words, the district court's decision to accept or reject a guilty plea is committed to its discretion. *United States v. Greener*, 979 F.2d 517, 519 (7th Cir. 1992); *see also United States v. Foy*, 28 F.3d 464, 472 (5th Cir. 1994) (stating that a "district court's decision to reject a plea agreement is proper as long as the record as a whole renders the basis of the decision reasonably apparent to the reviewing court and a decision on that basis is within the district court's discretion"). In fact, a defendant has "no absolute right to have a guilty plea accepted." *Santobello v. New York*, 404 U.S. 257, 260-61 (1971). A district court may properly reject a plea agreement based on its belief that the defendant would receive too lenient a sentence. *See United States v. Bean*, 564 F.2d 700, 704 (5th Cir. 1977) ("A decision that a plea bargain will result in the defendant's receiving too light a sentence is a sound reason for a judge's refusing to accept the agreement."); *see also Greener*, 979 F.2d at 520 (no abuse of discretion to reject plea when remaining count "would not adequately represent the defendant's criminal conduct").

3

Here, the court has made clear to both parties that it chose not to accept the plea agreement based on its concerns that McCullough's statutory exposure of 60 months did not adequately reflect the severe nature of the actual offense behavior and criminal history attributed to McCullough. As previously noted, the presentence report indicated that, without the benefit of the plea, McCullough would have been subject to a guideline range of 324 to 405 months. Such grounds for not accepting a plea agreement do not amount to an "abuse of discretion" as contended by McCullough.

Moreover, the court, on its own initiative, continued this case to provide both parties an opportunity to negotiate a new plea agreement which better reflects the serious nature of McCullough's offense or in the alternative, prepare for trial. There was no "mandate" to proceed to trial as argued by McCullough. In fact, to the court knowledge, both parties have engaged in some conversation in order to consummate a new plea, although no agreement has been reached at this point. The court, ultimately, was well within its sound discretion to reject the original plea agreement because of its belief that a guilty plea which would cap McCullough's sentence at 60 months would be inadequate when the presentence report reflected a crime worthy of a 324 to 405 month sentence.

Finally, McCullough contends that the manner in which the rejection of the plea agreement was conducted was procedurally flawed as McCullough was not provided an opportunity to withdraw his guilty plea to count two of the original indictment. The court is well aware of the Rule 11 requirements when rejecting a plea agreement as it states that the court must: (1) inform the parties that the court rejects the plea agreement; (2) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and (3) advise the defendant personally that if the plea is not

4

withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated. Fed.R.Crim.P. 11(c)(5).

During the Rule 11 litany in open court on December 7, 2010, McCullough was advised that:

> The court is obligated to examine carefully your plea agreement with the Government to be sure that the agreement conforms to the objectives of the sentencing guidelines – that is, of imposing a sentence within the parameters of your statute of conviction that is appropriate to the seriousness of your actual offense behavior and your past criminal conduct. Such behavior and conduct will be evaluated by the court only after the preparation of a detailed pre-sentence report.
>
> ...
>
> At the time of sentencing, however, the court, in its sole discretion, may reject your plea agreement should the court determine that it fails to permit the imposition of an appropriate sentence. If the court decides to reject the plea agreement, you then will have an opportunity to withdraw your plea and change it to "not guilty."

Here, the court, on its own initiative, *continued* this case. The purpose underlying the continuance was to allow both parties to either negotiate a new plea agreement or, in the alternative, prepare for trial. The court's intention is to take this matter up during this court's June 6, 2011 term of court and inform McCullough that the court rejects the plea agreement, advise him personally that the court is not required to follow the plea agreement, give him an opportunity to withdraw the plea, and advise that if he chooses not to withdraw his plea, the court may dispose of the case less favorably than what the plea contemplated. In other words, the Rule 11 protocol for rejecting the plea agreement will be executed when this case is before this court on June 6, 2011. Accordingly, McCullough's Motion to Reconsider [DE-47] is **DENIED**.

5

## III. MOTION TO RECUSE

McCullough also seeks recusal of this court under 28 U.S.C. §455(a) and (b)(1) contending that there is an "actual bias or prejudice...based on statements made by the court at the bench conference" at the March 22, 2011 sentencing hearing. Def.'s Mot. [DE-47], p. 6. McCullough further argues that because this court has had an opportunity to review the presentence report in preparation for the sentencing hearing, he would not receive a fair trial. Def.'s Mot. [DE-47], p. 6. The court disagrees.

The United States Supreme Court has instructed that alleged bias and prejudice requiring recusal must result in the judge's forming an opinion on the merits of the case *on a basis other than that learned* during the judge's participation in the matter. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see United States v. Parker*, 742 F.2d 127, 128 (4th Cir. 1984) (stating that a judge is not disqualified because his familiarity with the facts of a case stem from his judicial conduct in presiding over earlier proceedings); *see also United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993) (holding that the fact that the judge had previously presided over the criminal trial of a witness in this case and was involved in adjusting the witness's sentence did not create" the source of an appearance of impropriety). The alleged bias must derive from an "extra-judicial source." *In re Beard*, 811 F.2d 818, 824 (4th Cir. 1987). Moreover, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Liteky v. United States*, 510 U.S. 540, 555 (1994). The relevant litmus test for recusal is whether "another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *In re Beard*, 811 F.2d at 827.

6

In the instant case, the record does not suggest that the court certainly is partial to either the Government's or McCullough's position. At the bench conference, the court expressed its concern that McCullough entered into a plea agreement which would cap his sentence at 60 months when the presentence report reflected a crime serious enough to garner a 324 to 405 month sentence. In other words, the court questioned whether the plea agreement adequately reflected the seriousness of the actual offense behavior and criminal history attributed to McCullough. Therefore, based on the discretion afforded, the court decided not to accept the plea agreement and instead continued this matter to allow both parties to negotiate a new plea or, in the alternative, prepare for trial. There is nothing in these set of actions which would suggest any bias or impartiality.

Furthermore, McCullough's allegations that the court's knowledge of the information contained the presentence report would somehow compromise its neutrality and fairness is devoid of merit. The court reminds McCullough that Rule 11 explicitly grants the court authority to reject a plea agreement after reviewing a presentence report. As articulated in *In re Beard*, the alleged bias must stem from an extrajudicial source. 811 F.2d at 824 (4th Cir. 1987). The presentence report, which McCullough alleges is the source of the bias, is a document *prepared for the court for use in sentencing* the defendant. As such, the presentence report does not qualify as an extrajudicial source which is necessary for any claims of bias that might necessitate recusal.

In short, as the Fourth Circuit concisely has stated, "it cannot be an abuse of discretion to deny a recusal motion predicated on the district court's rejection of a plea agreement." *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir. 1995). Accordingly, McCullough's Motion to Recuse is **DENIED**.

## IV. CONCLUSION

Based on the aforementioned rationale, McCullough's Motion to Reconsider [DE-47] and Motion to Recuse [DE-47] are **DENIED**.

SO ORDERED.

This, the 2nd day of June, 2011.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge