UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-223-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES EDWARD MCCULLOUGH, | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion to Dismiss the Superseding Indictment [DE-63] filed by Defendant James Edward McCullough ("McCullough"). The Government has filed a Response [DE-64]. This matter is now ripe for disposition.

## I. STATEMENT OF THE CASE

On July 9, 2010, McCullough was originally charged in a three-count indictment alleging one count of conspiracy to possess with the intent to distribute and distribution of more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, filed on December 7, 2010, McCullough pled guilty to count two of the indictment.

On March 22, 2011, McCullough appeared before this court for his sentencing hearing. After a thorough review of the presentence report and a bench conference between the counsel for McCullough and the Government, the court believed that the plea agreement did not adequately reflect the seriousness of the actual offense conduct and criminal history of McCullough. Therefore, the court chose not to accept the plea agreement at that time and continued the matter to the court's June 6, 2011 term of court.

On April 19, 2011, the Government filed a superseding indictment charging McCullough with conspiracy to distribute with the intent to distribute 1000 kilograms or more of marijuana (count one), possession with the intent to distribute a quantity of marijuana (counts two and four), maintaining premises for the distribution of a controlled substance (count three) and possession of a firearm by a felon (count five). McCullough has been appropriately notified that he is subject to two sentencing enhancements under 21 U.S.C. §851 and qualify as an armed career criminal pursuant to 18 U.S.C. §924(e)(2)(B).

On May 26, 2011, McCullough filed the Motion to Reconsider [DE-47] the rejection of the plea agreement, or in the alternative, the Motion to Recuse [DE-47]. Upon consideration, the court denied McCullough's requests [DE-54]. On June 6, 2011, McCullough moved for an oral continuance in this matter which was allowed based on good cause. This matter is now before the court on McCullough's Motion to Dismiss the Superseding Indictment [DE-63]. The case is currently scheduled for the July 5, 2011 term of court.

## II. ANALYSIS

McCullough has moved to dismiss the superseding indictment filed by the Government specifically arguing that after a defendant's valid, knowing guilty plea is accepted by the court, the Government may not supersede the indictment to which the defendant has already entered a guilty plea. *See* McCullough's Mot. to Dismiss [DE-63], p. 3. McCullough's argument is based on the Ninth Circuit decision in *Garcia-Aguilar v. United States District Court for the Southern District of California*, in which the Ninth Circuit held that the district court had no cause to reject the unconditional plea entered into by the defendant and the Government had "no power to void a knowing, voluntary and unconditional guilty plea so that it can fix its charging error." 535 F.3d 1021, 1025 (9th Cir. 2008). Moreover, McCullough claims that the Government has

provided "no new information that justifies the addition of the new charges" in the superseding indictment. *See* McCullough's Mot. to Dismiss [DE-63], p. 4.

The Government has responded by stating that McCullough has misframed the issue. According to the Government, the issue for this court to consider is whether the Government may supersede on an indictment where the defendant pled guilty to only one of the counts alleged in the original indictment and not guilty to the remaining counts. Specifically, the Government argues that it may obtain a superseding indictment against a defendant at any time prior to trial where charging decision is justified by a legitimate, nonvindictive rationale, such as the discovery of new information or an alternative approach to a case by a new prosecutor. *See* Gov.'s Resp. [DE-64], p. 3. In fact, the Government contends that new discovery materials have been provided to McCullough, namely, documents which indicate that he "managed, leased and rented a storage unit for the purpose of distributing marijuana" in addition to "police reports, witness statements and photos showing he was a felon in possession of a firearm." *See* Gov.'s Resp. [DE-64], p. 6.

As a preliminary matter, the court notes that if the Government has "probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [its] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Factors such as "the strength of the case, the prosecutor's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Wayte v. United States*, 470 U.S. 598, 607 (1985). "Examining the basis of a prosecution...threatens to chill law enforcement by subjecting

3

the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." *Id.* As a result, these concerns should make the courts "properly hesitant to examine the decision whether to prosecute." *Id.*

Furthermore, the Government may obtain a superseding indictment against a defendant at any time prior to trial on the merits. *United States v. Edwards*, 777 F.2d 644, 649 (11th Cir. 1985); *United States v. Del Vecchio*, 707 F.2d 1214, 1216 (8th Cir. 1983); *United States v. Herbst*, 565 F.2d 638, 643 (10th Cir. 1977). In other words, if the Government's charging decision is based on "a legitimate, nonvindicative rationale, such as the discovery of a new witness or a different approach to a case by a new prosecutor," then it may obtain a superseding indictment. *United States v. Chagra*, 669 F.2d 241, 248 (5th Cir. 1982), *overruled on other grounds by Garrett v. United States*, 471 U.S. 773 (1985).

Upon careful consideration, the court finds that the Government's decision to seek a superseding indictment adding additional charges is within its prosecutorial discretion and is based on the merits of the case. Here, the court, on March 22, 2011, chose not to accept the plea agreement presented as it did not adequately reflect the seriousness of the actual offense conduct and the criminal history of McCullough. Both parties were fully aware that the court was not inclined to accept the original plea agreement and the matter was subsequently continued to the court's next term of court. Thereafter, the Government assigned this case to a new prosecutor, the third designated to this case. The prosecutor then filed a superseding indictment adding the charges of maintaining a premises for the distribution of a controlled substance (count three) and possession of a firearm by a felon (count five). In support of these charge, the Government claims that new discovery materials have been provided to McCullough including documents

4

which indicate that he "managed, leased and rented a storage unit for the purpose of distributing marijuana" in addition to "police reports, witness statements and photos showing he was a felon in possession of a firearm." *See* Gov.'s Resp. [DE-64], p. 6. In light of these circumstances, the court finds that the Government was well within its prosecutorial discretion to file the superseding indictment.

The court finds unpersuasive the authority cited by McCullough to support his current request for dismissal of the superseding indictment. In *Garcia-Aguilar v. United States District Court for Southern District of California*, the Ninth Circuit held that the district court had no cause to reject the unconditional plea entered into by the defendant and the government had "no power to void a knowing, voluntary and unconditional guilty plea so that it can fix its charging error." 535 F.3d 1021, 1025 (9th Cir. 2008). Here, again, the court expressed its inclination not to accept the original plea agreement as it did not adequately reflect the seriousness of the actual offense conduct and the extensive criminal history of McCullough. The Government subsequently assigned this case to a new prosecutor, and based on his assessment of the available evidence and within his prosecutorial discretion, the new prosecutor decided to supersede McCullough with new charges. Therefore, the facts, as presented in *Garcia-Aguilar*, are distinguishable from the case at hand. Accordingly, McCullough's Motion to Dismiss the Superseding Indictment [DE-63] is DENIED.

### III. CONCLUSION

Based on the foregoing reasons, McCullough's Motion to Dismiss the Superseding Indictment [DE-63] is **DENIED**.

SO ORDERED.

This the 28th day of June, 2011.

5

_____
JAMES C. FOX
Senior United States District Judge