IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-00223-F-1
No. 5:13-CV-00792-F

| | |
|---|---|
| **James Edward McCullough,** | |
| Petitioner, | |
| v. | **Memorandum & Recommendation** |
| **United States of America**, | |
| Respondent. | |

Petitioner James Edward McCullough, proceeding under 28 U.S.C. § 2255, seeks to vacate the 108 month sentence of imprisonment imposed in connection with his conviction for possession with the intent to distribute a quantity of marijuana, and possession with the intent to distribute a quantity of marijuana and aiding and abetting. ("Motion to Vacate"). McCullough also filed a Motion to Expedite Proceeding. D.E. 115.

McCullough argues that he is entitled to relief because the attorneys who represented him were constitutionally ineffective, specifically (1) his appellate counsel failed to argue that the trial judge should have recused himself after rejecting McCullough's initial plea agreement; (2) his trial counsel failed to allow McCullough to testify at sentencing regarding the drug weight the court should attribute to him; and (3) his trial counsel failed to challenge the use of prior convictions for a sentencing enhancement. D.E. 91 at 14. The Government argues that McCullough is not entitled to relief because the court did not improperly intrude on the plea bargaining process, counsel objected to drug weight findings, and at least one of the prior convictions was properly applied for the sentencing enhancement. D.E. 99.

After reviewing the docket and the arguments of the parties, it appears that McCullough is not entitled to the relief he seeks because he failed to demonstrate that he received ineffective assistance from his counsel. Therefore, the undersigned recommends[1] that the court deny McCullough's Motion to Vacate (D.E. 91), deny as moot his Motion to Expedite Proceeding (D.E. 115), and grant the Government's Motion to Dismiss. D.E. 98.

## I.     Background

In 2010, a Grand Jury indicted McCullough on three counts relating to possession and distribution of marijuana. D.E. 1. Several months later, McCullough pled guilty to Count II, possession with the intent to distribute marijuana, pursuant to a written plea agreement. At his sentencing hearing, counsel and the court discussed the fact that the applicable advisory guideline range of 324 to 405 months was substantially greater than the 60 month term of imprisonment contemplated in the plea agreement. D.E. 35. The court ultimately rejected the plea agreement and set the matter for trial. *Id.*

Approximately one month later, the Grand Jury returned a superseding indictment charging McCullough with additional offenses, including being a felon in possession of a firearm. D.E. 37. The Government gave notice of its intent to seek an enhanced penalty under 21 U.S.C. § 851 based on a 1988 conviction in Rhode Island for felony manufacturing and delivering cocaine and a 1996 conviction in North Carolina for felony possession with the intent to sell and deliver marijuana. D.E. 57.

At his arraignment on the superseding indictment, McCullough pled guilty to Count II of the original indictment without the benefit of a plea agreement. He also pled guilty, pursuant to a plea agreement, to Count IV of the superseding indictment: intent to distribute a quantity of

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

marijuana and aiding and abetting the same. D.E. 69. Count II carried a maximum sentence of five years imprisonment and Count IV carried a maximum sentence of ten years imprisonment. D.E. 70 at 1. The plea agreement reflected the parties' agreement that the sentences on Counts II of the original indictment and Count IV of the superseding indictment would run concurrently. D.E. 69 at 7. However, the court clarified at the arraignment hearing that the parties' stipulation as to the manner of sentences was not binding on the court at sentencing. D.E. 85 at 33–34. Ultimately, the court sentenced McCullough to 135 months of imprisonment, consisting of consecutive terms of 15 months on Count II and 120 months on Count IV. D.E. 80.

McCullough unsuccessfully appealed his sentence to the Fourth Circuit Court of Appeals and did not seek a writ of certiorari from the Supreme Court. *See United States v. McCullough*, 492 F. App'x 343 (4th Cir. 2012). On November 12, 2013, he filed his Motion to Vacate, to which the Government responded by filing a Motion to Dismiss. D.E. 91, 98.

## II. Analysis

### A. Standard of Review for § 2255 Petitions

In order to prevail on his Motion to Vacate, McCullough must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion." 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a § 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Iqbal*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

4

complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

### B.     Ineffective Assistance of Counsel

McCullough claims that his sentence was imposed in violation of the Constitution because his appellate and trial counsel's performances were so inadequate that they violated his right to counsel under the Sixth Amendment to the Constitution. The Government correctly asserts that McCullough has not demonstrated that counsels' performances were objectively unreasonable or that he suffered prejudice as a result of counsels' actions.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defense." U.S. Const. amend. VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right applies at all stages of a criminal proceeding, including sentencing. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

In *Strickland*, the Supreme Court held that a petitioner must satisfy a two-pronged test to establish a claim of ineffective assistance of counsel. 466 U.S. at 686–87. First, the petitioner must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* at 688. Second, the petitioner must show that he was prejudiced by his attorney's unreasonable performance. *Id.* at 693. In regards to the reasonableness prong, courts must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* In order to demonstrate prejudice, a petitioner must show that "there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Additionally, the difference in outcome as a result of the unprofessional errors must have had an adverse effect on the petitioner. *Id.* at 693.

### 1. Initial Plea Agreement

McCullough first contends his appellate counsel was ineffective in failing to challenge the court's involvement in the initial plea agreement. As noted above, the court rejected this plea agreement because it did not reflect the seriousness of the crime. D.E. 35 at 10. McCullough claims that Judge Fox should have recused himself from the case after rejecting the initial plea agreement and that appellate counsel was ineffective for failing to raise this issue on appeal.

Appellate counsel is not required to put forth any issues he deems to be frivolous; in fact he is not required to put forth every non-frivolous issue for consideration on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983); *Anders v. California*, 386 U.S. 738, 744 (1967). Appellate counsel has discretion in what issues he addresses, and McCullough's appellate counsel exercised this discretion by filing an *Anders* brief stating that there were no non-frivolous issues to bring on appeal. D.E. 88. As will be explained below, McCullough's claims that Judge Fox improperly involved himself with the plea agreement and should have recused himself are frivolous. Therefore, McCullough's appellate counsel was not acting unreasonably by failing to bring the claims on appeal.

Initially, the district court was well within its discretion to reject the initial plea agreement. A district court has discretion to decide whether to accept or reject a proposed plea agreement. *United States v. Jackson*, No. 97-4081, 1997 WL 618902, at *2 (4th Cir. Oct. 1, 1997) (per curiam). The presiding judge is not required to accept the plea agreement even if the

6

parties have agreed to its terms. *See id.* The Supreme Court has explained that a defendant has "no absolute right" to the judge's acceptance of a guilty plea or a plea agreement. *Santobello v. New York*, 404 U.S. 257, 260–61 (1971). Accordingly, Judge Fox did not violate his duties or McCullough's rights when he rejected the initial plea agreement. D.E. 35. Furthermore, Judge Fox explained his reasoning for denying the plea agreement, he stated, "I don't think that the charging decision adequately reflects the seriousness of his criminal conduct." D.E. 35 at 10. This is a legitimate reason for denying a plea agreement. *See Jackson*, 1997 WL 618902, at *2. Therefore, there was nothing improper about the rejection of the initial plea agreement.

Next, the court will consider whether rejection of the plea agreement gave rise to a basis for Judge Fox's recusal. A federal judge is required to "disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455(a). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). On its own, the fact that Judge Fox denied McCullough's initial plea agreement is not enough to conclude that he was biased against McCullough or to require him to recuse himself from future proceedings of the case. *See id.* McCullough has not presented any, and the court has not found, further evidence that Judge Fox was, in fact, biased against McCullough or that he treated him in a way that gave the appearance of bias. Absent evidence supporting a claim of bias, it would have been frivolous for appellate counsel to raise the issue on appeal. Therefore, there is no merit to McCullough's claim of ineffective appellate counsel.

## 2.     Drug Weight

McCullough next contends that his trial attorney was ineffective in failing to offer McCullough's testimony regarding drug weight at sentencing. McCullough claims that his testimony would have resulted in a two-level offense decrease. The Government called several witnesses, including two individuals who were part of McCullough's marijuana distribution operation. D.E. 86. Based on their testimony, the court found the drug weight to be over 8,000 kilograms. D.E. 80. McCullough claims that his testimony would have lowered the drug weight to less than 3,000 kilograms, and that counsel was ineffective in not having him testify.

Trial counsel has discretion to make reasonable strategic and tactical choices, and those choices are not used when determining whether counsel was ineffective. *Rose v. Lee*, 252 F.3d 676, 693 (4th Cir. 2001) (citing *Bunch v. Thompson*, 949 F.2d 1354, 1364 (4th Cir. 1991)). For a criminal defense lawyer, the decision of whether a client should testify is a strategic choice entitled to discretion. *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). There is an exception for coercion; if counsel coerces a defendant into not testifying, instead of simply suggesting or recommending it, there can be a claim for ineffective assistance of counsel. *Id.* (citing *Vejeramo v. United States*, 117 F. Supp. 2d 103, 108–109 (D.P.R. 2000)). McCullough has offered no evidence that his trial counsel coerced him, instead of merely advised him, not to testify. Accordingly, the court cannot find that trial counsel was ineffective on this basis. *See id.*

Further, McCullough has failed to provide evidence that he was prejudiced by trial counsel's advice not to testify at sentencing. The weight that the Court found was taken from testimony by the two witnesses involved in the marijuana distribution operation. McCullough claims that the weights given by the witnesses were too high and that his testimony would have contradicted them. He argues that his testimony would have been more credible than that of the

two witnesses because they had incentive to testify to a higher weight. The witnesses were awaiting sentencing in state court and McCullough alleges that their willingness to testify to a greater drug weight at McCullough's sentencing would benefit them at their own state sentencings. However, McCullough has offered no proof to support his allegation. He has not provided evidence of an agreement between the witnesses and either the federal prosecutor or state prosecutors to testify to a greater drug weight, and has not provided any other evidence pertaining to the credibility of the witnesses' testimonies. McCullough also had incentive to minimize the marijuana weight in order to obtain a lesser sentence. There is no guarantee the court would have accorded his testimony more weight than the other witnesses. Therefore, McCullough has not shown that trial counsel's advice for him not to testify prejudiced him or that there is a reasonable probability that his testimony would have altered the length of his sentence.

### 3.    Prior Convictions

Finally, McCullough asserts that his trial counsel was ineffective in failing to challenge the use of two previous convictions as the basis for a sentencing enhancement. The Government proceeded with a sentencing enhancement under 21 U.S.C. § 841(b)(1)(D) on the basis of McCullough's prior conviction in Rhode Island for felony manufacturing and delivering cocaine and his prior conviction in North Carolina for felony possession with intent to sell and deliver marijuana. To be eligible for a sentencing enhancement under § 841(b)(1)(D), the defendant must have a prior felony drug conviction, which the statute defines as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). McCullough

9

claims that neither of his prior convictions satisfy this requirement and that his counsel was ineffective in not raising that issue.

The Government acknowledges that McCullough may be correct that under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), the North Carolina conviction does not qualify as a felony drug conviction because his maximum sentence was only six months. D.E. 99 at 8. However, only one prior conviction is needed for an enhancement under 21 U.S.C. § 841(b)(1)(D), and the Rhode Island conviction satisfies this requirement because McCullough was sentenced to a five year term of imprisonment.

The fact that the court suspended the final four years and placed him on probation instead does not impact the court's analysis. D.E. 91-3 at 13. The court considers the maximum sentence that an offender could receive for the offense to determine if it qualifies as a predicate offense under § 841. *See United States v. Gould*, 564 Fed. App'x 696, 698 (4th Cir. 2014); *United States v. Campos*, 163 Fed. App'x 232, 233–34 (4th Cir. 2006). Thus, McCullough's five year sentence qualifies as a drug related conviction punishable by imprisonment for more than one year and the court appropriately applied a § 841 enhancement. Therefore, he was not prejudiced by counsel's failure to challenge its use, and his claim of ineffective counsel is meritless on this ground.

III.    **Conclusion**

For the foregoing reasons, the undersigned recommends that the court deny McCullough's Motion to Vacate, set aside or correct sentence (D.E. 91), deny as moot his Motion to Expedite Proceeding (D.E. 115), and grant the Government's Motion to Dismiss (D.E. 98).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel.  Each party shall

have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** ***See Wright v. Collins***, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: July 19, 2016

_____

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE