IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00223-F-1
No. 5:13-CV-00792-F

| | |
|---|---|
| JAMES EDWARD McCULLOUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") [DE-117] of United States Magistrate Judge Robert T. Numbers, II, regarding the Government's Motion to Dismiss [DE-98] James Edward McCullough's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-91] and his Motion to Expedite Proceeding [DE-115]. The matters have been fully briefed and are now ripe for ruling. For the reasons addressed below, McCullough's Motion to Vacate is DENIED, his Motion to Expedite Proceeding is DENIED as moot, and the Government's Motion to Dismiss is ALLOWED.

## I. Discussion

### A. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's

recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**B. Background**

On July 19, 2016, the Magistrate Judge issued a M&R recommending that McCullough's Motion to Vacate [DE-91] be denied, his Motion to Expedite Proceeding [DE-115] be denied as moot, and the Government's Motion to Dismiss [DE-98] be allowed. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the M&R and the consequences if they failed to do so.

On August 4, 2016, McCullough filed Objections [DE-118] to the Magistrate Judge's M&R. McCullough raises the following seven objections:

(1) The Magistrate Judge mischaracterized his constitutional claims and failed to fully address his claims;

(2) The Magistrate Judge's findings are erroneous and disregard facts supporting his ineffective assistance of counsel claims;

(3) The Magistrate Judge erred in finding that he did not satisfy *Strickland v. Washington*, 466 U.S. 668 (1984);

(4) The Magistrate Judge failed to consider that the trial judge's decision to reject the plea agreement violated his right to due process;

(5) The Magistrate Judge erroneously concluded that his attorney did not provide ineffective assistance of counsel by failing to call him to testify;

(6) The Magistrate Judge failed to conduct an evidentiary hearing on the issue regarding whether his attorney provided ineffective assistance of counsel by failing

2

to raise the issue that his prior North Carolina conviction did not qualify for sentencing enhancement; and

(7) The Magistrate Judge's M&R is error, and this court should conduct an evidentiary hearing.

## C. Objections

### 1. McCullough contends that the Magistrate Judge mischaracterized his constitutional claims and failed to fully address his claims.

In his first objection, McCullough contends that the Magistrate Judge mischaracterized his constitutional claims and failed to fully address his claims. *See* Objections [DE-118] at 1.

The court reviews *de novo* those portions of a Magistrate Judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b)(1). There is no *de novo* review where the objecting party makes only objections that are general and conclusory and fail to direct the court to specific errors. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

McCullough's first objection is based on general and conclusory statements. Moreover, McCullough has failed to refer the court to any specific errors in the M&R. A *de novo* review is not warranted, and the court finds no clear error. Therefore, McCullough's first objection will be overruled.

### 2. McCullough contends that the Magistrate Judge's findings were error because he disregarded the facts supporting his ineffective assistance of counsel claims.

McCullough contends in his second objection that the Magistrate Judge's findings were error because he disregarded the facts supporting McCullough's ineffective assistance of counsel claims. *See* Objections [DE-118] at 1. McCullough alleges that the facts he supplied clearly demonstrated this attorney provided objectively unreasonable assistance and that he was

3

prejudiced. *Id.* at 1-2. McCullough concludes that the facts he presented require the court to conduct an evidentiary hearing to resolve the factual disputes. *Id.* at 2.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687-88. The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address McCullough's second objection.

Without specificity or explanation, McCullough generally objects to the Magistrate Judge's findings and alleged disregard of the facts supporting his ineffective assistance of counsel claims. *See* Objections [DE-118] at 1. Because this objection is general, conclusory, and fails to direct the court to a specific error, McCullough is not entitled to *de novo* review on this objection. *See Orpiano*, 687 F.2d at 47. The court finds no clear error in the Magistrate Judge's resolution of McCullough's claims of ineffective assistance by his trial and appellate counsel. *See* M&R [DE-117] at 5-10. Consequently, McCullough's second objection is

4

overruled.

### 3. McCullough contends that the Magistrate Judge erred in finding that he did not satisfy *Strickland.*

In his third objection, McCullough contends that the Magistrate Judge erred in finding that he did not satisfy *Strickland* in his claim that his appellate counsel failed to challenge the court's involvement in the initial plea agreement. *See* Objections [DE-118] at 2.

A review of the record reveals that the court refused to accept the plea agreement that McCullough had arranged with the Government on the basis that it did not adequately reflect his acceptance of responsibility for his criminal conduct. *See* March 22, 2011 Tr. [DE-35] at 9-10.

In his M&R, the Magistrate Judge addressed at length how McCullough's claim that his appellate counsel erred by failing to challenge the court's involvement in the initial plea agreement did not satisfy the first prong of the *Strickland* standard. M&R [DE-117] at 6. Initially, the Magistrate Judge pointed out that appellate counsel is not required to raise issues he deems frivolous and is not required to raise every non-frivolous issue for consideration on appeal. *Id.* Moreover, appellate counsel has discretion in what issues he addresses, and McCullough's appellate counsel exercised this discretion by filing an *Anders* brief. *Id.*

The court concludes that McCullough's appellate counsel did not err in failing to challenge the court's involvement in the initial plea agreement. This claim is without merit. *See Moore v. United States*, 934 F.Supp. 724, 731 (E.D. Va. 1996) (holding that "[f]ailure to raise a meritless argument can never amount to ineffective assistance.") As the Magistrate Judge pointed out, the court was well within its discretion to reject the plea agreement. M&R [DE-117] at 6. Accordingly, McCullough's third objection is overruled.

5

**4. McCullough contends that the Magistrate Judge failed to consider that the trial judge's decision to reject the plea agreement violated his right to due process.**

McCullough alleges in his fourth objection that the Magistrate Judge failed to consider that the trial judge clearly violated his right to due process because he was told his plea was going to be accepted and that he would receive a specific sentence. *See* Objections [DE-118] at 3.

As the Magistrate Judge pointed out, the trial court was well within its discretion to reject the initial plea agreement. M&R [DE-117] at 6. Courts are not parties to plea agreements; thus, they have the discretion to accept or reject their terms. *See* Fed. R. Crim. P. 11(c)(3); *United States v. Hallman*, 226 F. App'x 261, 262-63 (4th Cir. 2007). "There is . . . no absolute right to have a guilty plea accepted" and "[a] court may reject a plea in exercise of sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

The Magistrate Judge correctly found that the court acted within its discretion when it rejected the initial plea agreement. Therefore, McCullough's fourth objection will be overruled.

**5. McCullough contends that the Magistrate Judge erred in concluding that his attorney did not provide ineffective assistance by failing to call him to testify.**

In his fifth objection, McCullough alleges that his attorney refused to call him to testify about his drug weight at sentencing. *See* Objections [DE-118] at 3. According to McCullough, his attorney was aware that his testimony was key to establishing that his drug weight did not exceed 3,000 kilograms. *Id.*

As the Magistrate Judge noted, the drug weight attributed to McCullough came, in part, from two witnesses involved in McCullough's marijuana distribution operation. M&R [DE-117] at 8. The court concludes that McCullough has failed to state deficient performance by his

6

counsel because as a general rule, trial counsel has discretion to determine whether to call a particular witness. *Metoyer v. Scott*, No. 02-5155, 2003 WL 21716429, at *4 (10th Cir. 2003) (citing *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1998)). McCullough has not alleged circumstances taking his case outside the general rule.

McCullough has also failed to state prejudice because he has not shown a reasonable probability that his sentence would have been favorably impacted if he had testified. As the Magistrate Judge pointed out, McCullough certainly had an incentive to minimize the marijuana weight so as to reduce his sentence. M&R [DE-117] at 9.

The Magistrate Judge correctly found that McCullough failed to state a claim of ineffective assistance of counsel. Consequently, McCullough's fifth objection is overruled.

**6. McCullough contends that the Magistrate Judge erred by failing to conduct an evidentiary hearing on the issue of whether his attorney provided ineffective assistance by failing to raise the issue that his prior North Carolina conviction did not qualify for sentencing enhancement.**

McCullough contends in his sixth objection that the Magistrate Judge erred by failing to conduct an evidentiary hearing on his claim that his attorney provided ineffective assistance by failing to raise the issue that his prior North Carolina conviction did not qualify for sentencing enhancement. *See* Objections [DE-117] at 4.

Rule 8(a) of the Rules Governing Section 2255 Proceedings provides that it is within the discretion of the district court to determine whether an evidentiary hearing is warranted. The court may decide a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

7

The Magistrate Judge noted that the Government acknowledged that McCullough's North Carolina conviction does not qualify as a felony drug conviction under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), for sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(D). M&R [DE-117] at 10. As the Magistrate Judge found, only one prior conviction is needed for the enhancement under 21 U.S.C. § 841(b)(1)(D), and McCullough has a Rhode Island conviction where he was sentenced to a five-year term of imprisonment. *Id.*

As the Magistrate Judge concluded, McCullough failed to state a claim for ineffective assistance of counsel. Because he failed to state a claim, no evidentiary hearing on the matter was necessary. Accordingly, McCullough's sixth objection is overruled.

**7. McCullough contends that Magistrate Judge erred in his M&R and requests that this court conduct an evidentiary hearing.**

In his final objection, McCullough contends that for the reasons stated in objections one through six, this court should reject the Magistrate Judge's M&R and conduct an evidentiary hearing. *See* Objections [DE-118] at 4.

For the reasons addressed, McCullough's objections are without merit. Consequently, McCullough's seventh objection is overruled.

## II. Conclusion

Upon careful review of the M&R and of the record generally, the court hereby ADOPTS the recommendation of the Magistrate Judge. For the reasons set forth in the M&R, in addition to the above-state reasons, it is ORDERED that McCullough's Motion to Vacate [DE-91] is DENIED, his Motion to Expedite Proceeding [DE-115] is DENIED as moot, and the Government's Motion to Dismiss [DE-98] is ALLOWED.

8

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This, the ⁹ day of August, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge